UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MYRNA LACK,
              Plaintiff,

v.

CAESARS ENTERTAINMENT                        **ORDER**
CORPORATION, HARRAH'S ATLANTIC
CITY, LLC, HARRAH'S ATLANTIC CITY         20 CV 5394 (VB)
OPERATING COMPANY, LLC, HARRAH'S
ATLANTIC CITY PROPCO, LLC, and
HARRAH'S BOSSIER CITY INVESTMENT
COMPANY, LLC,
              Defendants.
--------------------------------------------------------------x

      Defendants removed this action from Supreme Court, Westchester County, invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332(a)(1).

      To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

      "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." Hai Yang Liu v. 88 Harborview Realty, LLC, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014) (citing Freeport–McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)).

      "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019).

      "[A] corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). A limited liability company ("LLC") has the citizenship of each of its individual or entity members. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000).

1

Defendants argue there is diversity of citizenship and ask the Court to disregard the New York citizenship of defendant Harrah's Atlantic City, LLC[1] because Harrah's Atlantic City, LLC, was organized on December 11, 2019, after plaintiff's "alleged incident occurred on October 27, 2019." (Notice of Removal ¶ 6). However, diversity is assessed at the time the action was filed, not when the events giving rise to the action allegedly occurred. Here, plaintiff filed her action on June 4, 2020, and named Harrah's Atlantic City, LLC, as a defendant at that time. (See Doc. #1-1 ("Compl.")).

As an additional matter, the complaint alleges plaintiff Myrna Lack is a resident of Westchester County, New York.[2] (Compl. ¶ 1). Plaintiff's residence alone is insufficient to establish her citizenship for purposes of federal diversity jurisdiction.

Accordingly, by July 22, 2020, defendants' counsel shall submit a letter explaining in detail why the Court should not remand this case for lack of subject matter jurisdiction.

Dated: July 15, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] According to defendants, "[t]he sole member of Harrah's Atlantic City, LLC, is VICI Properties 1 LLC, a limited partnership, comprised of two partners: VICI Properties GP LLC (general partner) and VICI Properties Inc. (limited partner). VICI Properties Inc. holds 100% of the interests in VICI Properties L.P. The sole member of VICI Properties GP LLC is VICI Properties Inc. VICI Properties Inc is a corporation organized under the laws of the State of Maryland with a principal place of business in the State of New York." (Notice of Removal ¶ 6 n.1).

[2] Defendants in their notice of removal incorrectly identify plaintiff as Sheena Gibson, and allege Ms. Gibson is a New York citizen. (See Doc. #1 ("Notice of Removal") ¶ 1).