UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

MYRNA LACK,
               Plaintiff,

v.

CAESARS ENTERTAINMENT
CORPORATION, HARRAH'S ATLANTIC
CITY, LLC, HARRAH'S ATLANTIC CITY
OPERATING COMPANY, LLC, HARRAH'S
ATLANTIC CITY PROPCO, LLC, and
HARRAH'S BOSSIER CITY INVESTMENT
COMPANY, LLC,
               Defendants.
--------------------------------------------------------------x

**ORDER**

20 CV 5394 (VB)

      Defendants removed this action from Supreme Court, Westchester County, invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332(a)(1).

      On July 15, 2020, the Court ordered defendants' counsel to submit a letter explaining in detail why the Court should not remand this case for lack of subject matter jurisdiction. (Doc. #9). Specifically, the Court asked defendants' counsel to address their claim that there was diversity of citizenship despite the New York citizenship of defendant Harrah's Atlantic City, LLC.

      On July 22, 2020, defendants' counsel wrote the Court attaching a stipulation of voluntary dismissal respecting plaintiff's claims against Harrah's Atlantic City, LLC, dated the same day. (Docs. ##12, 13). Defendants' counsel claims, without citing any authority, that the issue of diversity has been rendered moot given the dismissal of Harrah's Atlantic City, LLC. (See Doc. #13). This is incorrect.

      "It is well-established that the removability of an action is determined as of the time the notice of removal is filed." Vasura v. Acands, 84 F. Supp. 2d 531, 535–36 (S.D.N.Y. 2000) (citing 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3723, at 568–69 (3d ed. 1998)). "Where removal is predicated upon diversity, a case is not removable unless the parties were diverse not only at the time removal is sought but at the time the state court complaint was filed." Id.

      "One exception to this rule applies in circumstances where a plaintiff creates diversity by its [voluntary] dismissal of a non-diverse defendant after the initial state court complaint has been filed, but before removal." Vasura v. Acands, 84 F. Supp. 2d 535 n.4 (citing Quinn v. Aetna Life & Cas. Co., 616 F.2d 38, 40 & n.2 (2d Cir. 1980); LGP Gem Ltd. v. Cohen, 636 F. Supp. 881, 882 (S.D.N.Y. 1986)). "In such a situation, courts uniformly hold that having attained

diversity, removal may properly be made." Id. However, this exception does not apply here because defendants removed prior to the voluntary dismissal of the non-diverse defendant.[1]

Accordingly, by July 30, 2020, defendants' counsel shall write a letter to the Court explaining in detail why the Court should not remand this case for lack of subject matter jurisdiction.

Dated: July 23, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1] In addition, the forum defendant rule barred removal at the time the action was removed. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").