| | |
|---|---|
| MYRNA LACK,<br><br>                              PLAINTIFF,<br><br>-against-<br><br>CAESARS ENTERTAINMENT CORPORATION, HARRAH'S ATLANTIC CITY, LLC, HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC, HARRAH'S ATLANTIC CITY PROPCO, LLC, and HARRAH'S BOSSIER CITY INVESTMENT COMPANY, LLC,<br><br>                              DEFENDANTS. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>DOCKET NO.: 20-cv-05394<br><br>Civil Action<br><br>PROTECTIVE ORDER<br><br> |

Defendant, CAESARS ENTERTAINMENT CORPORATION, HARRAH'S ATLANTIC CITY, LLC, HARRAH'S ATLANTIC CITY OPERATING COMPANY, LLC, HARRAH'S ATLANTIC CITY PROPCO, LLC, AND HARRAH'S BOSSIER CITY INVESTMENT COMPANY, LLC (hereinafter collectively "HARRAH'S"), represented by FULLERTON BECK, LLP, and Plaintiff, MYRNA LACK, represented by SONIN & GENIS, LLC, hereby stipulate and agree as follows:

1. HARRAH'S will produce to Plaintiff the October 27, 2019, surveillance video (hereinafter, "surveillance video") that captured the incident which is the subject of the above captioned matter, along with any relevant surveillance logs related to the area where the Plaintiff alleges to have fallen for six hours prior and one hour after the subject incident; as well as the relevant portions of the Standard Operating Procedures dealing with the retention of surveillance footage after an accident and relevant portions of the Standard Operating Procedures for Security.

2. These materials, and all discovery exchanged within this action, are to be used solely for the purposes of this litigation and will not be used in any other litigation.

3. It is understood the discovery exchanged by the parties, including the surveillance video and other materials contain confidential information, the disclosure of which could compromise the operation and security of HARRAH'S; and

4. Plaintiff agrees that these materials, including the surveillance video, the media content of the video and any description of the location of the subject camera(s), is not to be release to the public in any format, including but not limited to: discussion among non-parties to the suit and their respective agents, lay witnesses, social media, news, print, or publicly available court filings; and

5. Plaintiff agrees to make no copies of the materials or surveillance video; and

6. Plaintiff agrees to maintain the materials and surveillance video only at counsel's office; and

7. Plaintiff agrees to return the materials and surveillance video to Defendant at the conclusion of litigation, including any related appeals.

8. Attorneys and non-attorney staff of Sonin & Genis may review said materials for the purposes of this litigation, and are subject to the terms and conditions of this Protective Order.

9. Plaintiff may arrange for her retained experts in this matter to review said materials; however, will demand that said experts return all materials to Plaintiff's counsel, will not retain any materials upon the conclusion of this litigation or their retention in this matter, and will not disseminate any of the material to any non-parties, their agents, lay witnesses, social media, news, print, or publicly available court filings.

**AGREED TO BY COUNSEL OF RECORD:**

Dated: December 17, 2021

| | |
|---|---|
| Robert J. Genis, Esq. | Angelo M. Bianco, Esq. |
| Attorney for the Plaintiff | Attorney for Defendants |
| One Fordham Plaza, Suite 907 | One W. Red Oak Lane |
| Bronx, New York 10458 | White Plains, New York 10604 |
| Tel No.: (718) 561-4444 | Tel No.: (914) 305-8634 |

**IT IS SO ORDERED:**

Dated: January 18, 2022
        White Plains, New York

Vincent L. Briccetti, U.S.D.J.