UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MYRNA LACK,
                Plaintiff,

v.

CAESARS ENTERTAINMENT         **ORDER**
CORPORATION, HARRAH'S ATLANTIC
CITY OPERATING COMPANY, LLC;     20 CV 5394 (VB)
HARRAH'S ATLANTIC CITY PROPCO LLC;
and HARRAH'S BOSSIER CITY
INVESTMENT COMPANY, LLC,
                Defendants.
--------------------------------------------------------------x

      On March 30, 2022, plaintiff moved for reconsideration of the Court's March 25, 2022, denial of her motion to compel (i) six additional hours of surveillance video of plaintiff's fall, which is the subject of this lawsuit; and (ii) the deposition of someone from defendants' risk management department. (Doc. #65).

      Plaintiff's motion for reconsideration is DENIED.

      "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

      First, with respect to the surveillance video, plaintiff has not offered any new evidence to suggest the six hours of surveillance video she seeks exists. Plaintiff points to deposition testimony that it would have been "good practice" to preserve more than one hour of video and that no one "attempted to obtain a ghost or clone of" the deleted surveillance video. (Doc. #65, at 2). But neither statement in any way suggests the deleted surveillance video exists.

      Second, with respect to the risk management deposition, plaintiff also has not offered any new evidence that the deposition is warranted. Plaintiff makes three arguments in support of reconsideration: (i) defendants' interrogatory answers, dated August 18, 2021, were verified by a member of defendants' risk management department; (ii) defendants' "incident report" has "a tab for the Risk Management Department"; and (iii) defendants' November 1, 2019, letter to plaintiff acknowledging receipt of her claim came from a member of the risk management department.

      To be considered new evidence such that reconsideration is justified, evidence must be "truly newly discovered or could not have been found by due diligence" before the original motion was decided. Lima LS PLC v. Nassau Reins. Grp. Holdings, L.P., 160 F. Supp. 3d 574, 579 (S.D.N.Y. 2015). Here, plaintiff offers evidence that had been in its possession for months, if not years, to justify reconsideration of the denial of her motion. Moreover, even if this were "new evidence," plaintiff does not explain how any of it relates to plaintiff's request to depose a 30(b)(6) witness from the risk management department. Plaintiff does not seek to depose the specific individual who verified defendants' interrogatories. Plaintiff also does not explain how the "incident report" with the "tab for the Risk Management Department" or the November 1, 2019, acknowledgement letter relate to the topics she seeks a 30(b)(6) witness from risk management to testify about, namely, the operations of the department responsible for maintaining the casino floors, prior slip-and-fall cases against defendants, and prior testing of the casino floors.

      Accordingly, plaintiff's motion for reconsideration must be denied.

      The Clerk is instructed to terminate the motion. (Doc. #65).

Dated: April 4, 2022
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge