UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MYRNA LACK,                                            :
                         Plaintiff,                    :
v.                                                     :
                                                       :
CAESAR'S ENTERTAINMENT                                 :        **MEMORANDUM OPINION**
CORPORATION; HARRAH'S ATLANTIC                         :        **AND ORDER**
CITY OPERATING COMPANY, LLC;                           :
HARRAH'S ATLANTIC CITY PROPCO,                         :        20 CV 5394 (VB)
LLC; and HARRAH'S BOSSIER CITY                         :
INVESTMENT COMPANY, LLC,                               :
                         Defendants.                   :
-------------------------------------------------------------x

Briccetti, J:

   Trial in this matter is set to begin on June 11, 2024.

   By letter dated April 25, 2024 (Doc. #140), plaintiff seeks to preclude defendants' expert

witness, Dr. Ramesh Gidumal, from testifying regarding information contained in his

supplemental expert report dated March 31, 2024 (the "Supplemental Report") (Doc. #143-1).

   For the reasons set forth below, the application is DENIED.

**BACKGROUND**

   Plaintiff Myrna Lack brings this diversity action asserting a negligence claim under New

Jersey law.  Plaintiff alleges that in October 2019, she slipped and fell on a polished marble floor

at defendants' casino in Atlantic City.  Plaintiff was taken by ambulance to a nearby hospital and

later treated for a left hip fracture.

   Defendants first disclosed Dr. Gidumal's anticipated testimony on April 29, 2022,

serving two expert reports dated October 9 and November 16, 2021, respectively.  (Doc. #143-

2).  Plaintiff's counsel then deposed Dr. Gidumal over two days, on May 20 and June 3, 2022.

(Docs. ##120-1, 120-2).  The deadline for the completion of expert discovery was June 20, 2022. (Doc. #60).

By Order dated November 21, 2023, the parties were directed to submit a proposed joint pretrial order containing, among other things, the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), by March 11, 2024.  (Doc. #114).  After the parties' obtained an extension, they filed the joint pretrial order on March 25, 2024.  (Doc. #119).

On April 9, 2024, plaintiff moved in limine (the "First MIL") to preclude Dr. Gidumal from testifying that plaintiff fell because her hip spontaneously fractured due to osteoporosis. (Doc. #120 ¶ 1).  The First MIL argues, in part, that Dr. Gidumal's opinion is unsupported by any medical records indicating plaintiff had been diagnosed with osteoporosis at the time of her fall.  (See id. ¶¶ 11–35).

Plaintiff's counsel received the Supplemental Report by mail on April 22, 2024.  (See Doc. #140 at 2).

Defendants' opposition to the First MIL, filed April 25, 2024, relies in part on the Supplemental Report.  (Docs. ##136, 136-5, 137).

## DISCUSSION

Plaintiff argues defendants should be precluded from utilizing the Supplemental Report because it is an untimely attempt to bolster Dr. Gidumal's testimony with "a brand new basis" for his opinion about the cause of plaintiff's fall.  (Doc. #140 at 2).

The Court disagrees.

I.    Legal Standard

Rule 26(a)(2)(D) requires parties to make certain disclosures regarding expert witnesses "at the times and in the sequence that the court orders."  A witness retained or specially

employed to provide expert testimony must provide a "written report" containing "a complete statement of all opinions the witness will express," including the "basis and reasons" for the opinions, the facts or data considered, and any exhibits supporting the expert's conclusions.  Fed. R. Civ P. 26(a)(2)(B).  Parties also have an ongoing duty to supplement or correct such a written report "in a timely manner" if they learn the disclosure is materially incomplete or incorrect, Fed. R. Civ. P. 26(e)(1)(A), and, in any event, "by the time the parties' pretrial disclosures under Rule 26(a)(3) are due," Fed. R. Civ. P. 26(e)(2).

The Court may impose sanctions, including the preclusion of testimony or evidence, for the failure to timely serve or supplement an expert report, "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  To determine whether preclusion is appropriate, courts in this Circuit evaluate "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  Softel, Inc. v. Dragon Med. & Sci., Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997).[1]  However, because it is a "harsh sanction," courts "must consider less drastic responses before ordering preclusion."  In re Gen. Motors Ignition Switch Litig., 2017 WL 2880882, at *5 (S.D.N.Y. July 5, 2017).

II.     Analysis

As an initial matter, the Supplemental Report is not a timely "supplemental" disclosure under Rule 26(e).  A party must supplement or amend an expert's written report promptly after learning the disclosure is inaccurate in some respect and in any event by no later than when the

---

[1]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

party's Rule 26(a)(3) pretrial disclosures are due.  See Patterson v. Balsamico, 440 F.3d 104, 117

(2d Cir. 2006).  The duty to supplement arises shortly after a party learns new information,

"previously unknown or unavailable," which renders the earlier disclosure deficient.  Sandata

Techs., Inc. v. Infocrossing, Inc., 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007).  Here, the

additional medical records Dr. Gidumal discusses in the Supplemental Report were provided to

defendants years ago.  For example, Dr. Gidumal summarizes bone density scans, the results of

which were sent to defense counsel on December 10, 2021.  (Doc. #136-6 at ECF 33).[2]

Defendants have offered no explanation for why Dr. Gidumal waited so long after these records

had become available to supplement his report.

However, on balance, defendants' failure to supplement sooner is harmless, and thus

preclusion is not warranted.  The Court is not persuaded by plaintiff's argument that the

Supplemental Report "substantively change[s] the basis" of Dr. Gidumal's "previously disclosed

opinion on the issue of causation of plaintiff's injuries."  (Doc. #140 at 1).

In both of his prior reports, Dr. Gidumal reviewed surveillance video of plaintiff's fall

and certain of her medical records.  In both prior reports, Dr. Gidumal concludes plaintiff's hip

broke and then she fell, which "is consistent with the osteoporosis present on the films and the

lack of direct trauma in the region of her greater trochanter/hip."  (Doc. #143-1 at ECF 5, 8).  In

other words, in 2021, Dr. Gidumal opined plaintiff's medical records ("the films") revealed

osteoporosis, which caused her hip to break and resulted in her fall.  Although the Supplemental

Report summarizes additional medical records and offers background on "insufficiency

fractures" associated with osteoporosis, Dr. Gidumal ultimately espouses the same theory he

---

[2]     "ECF __" refers to page numbers automatically assigned by the Court's Electronic Filing
System.

disclosed in his earlier reports.  (See Doc. #143-1 at ECF 10).  This is far afield from the types of late expert disclosures courts typically preclude under Rule 37(c)(1).  See, e.g., Point Prods. A.G. v. Sony Music Ent., Inc., 2004 WL 345551, at *9 (S.D.N.Y. Feb. 23, 2004) (precluding new expert affidavits which "expound a wholly new and complex approach designed to fill a significant and logical gap in the first report"); Rodriguez v. Village of Port Chester, 535 F. Supp. 3d 202, 211–12 (S.D.N.Y. 2021) (precluding a supplemental report detailing a theory of causation when the first report lacked any basis for the expert's conclusion).  In sum, Dr. Gidumal "is more explicit" in the Supplemental Report about the bases for his opinion, but he has not changed his methodology or disclosed a new theory.  Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd., 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011).

Moreover, despite plaintiff's assertions to the contrary, defendants did identify in their Rule 26 disclosures the additional medical records described in the Supplemental Report.  In the parties' proposed pretrial order, prepared and submitted jointly, defendants included medical records on their exhibit list from plaintiff's "Primary Care Physician, Westmed Medical Group, Dr. William Martimucci."  (Doc. #119 at 8).  These records contain the results of the bone density testing Dr. Gidumal summarizes in the Supplemental Report.  (See Doc. #136-6).  Thus, plaintiff cannot claim she had no notice defendants intended to use such records at trial.[3]

As it concerns the relative importance of the information in the Supplemental Report, the parties' submissions are silent.  However, it is self-evident that reasonable jurors would find expert testimony on an alternative theory of causation to be material in this case.

---

[3]     The Court further notes plaintiff included on her own exhibit list records from White Plains Hospital.  (Doc. #119 at 8).  The White Plains Hospital records indicate plaintiff's treating physician, whom she intends to call as a witness, documented her history of osteoporosis in 2018.  (Doc. #136-7 at ECF 118).  These records cast doubt on plaintiff's claim that she is being "sandbag[ged]" with new evidence on the eve of trial.  (Doc. #140 at 3, 4).

Lastly, although a continuance would be impractical and inefficient in light of the age of this case and the Court's docket, trial is not set to begin for five weeks.  This is sufficient time for plaintiff to prepare to confront and cross-examine Dr. Gidumal regarding the information in the Supplemental Report.

## CONCLUSION

Plaintiff's letter application is DENIED.  (Doc. #140).

This Order concerns only plaintiff's application to preclude defendants from utilizing the Supplemental Report.  The Court reserves decision on the First MIL and whether Dr. Gidumal's opinion about the cause of plaintiff's fall is otherwise admissible.

Dated:  May 6, 2024
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge